IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00475-BNB

BRIAN DEAN WALTON,

    Applicant,

v.

D.O.C. JOE ORTIZ,
SCF KEVIN MILYARD (Warden),
SCF MARK BROADDUS (Associate), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 17 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO SHOW CAUSE

Applicant Brian Dean Walton is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. He filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). For the reasons stated below, Mr. Walton will be ordered to show cause why the habeas corpus application should not be denied.

Following a jury trial, Mr. Walton was convicted of simple robbery, attempted aggravated robbery, conspiracy to commit aggravated robbery, theft by receiving, and five habitual criminal counts. On appeal, a division of the Colorado Court of Appeals reversed Mr. Walton's conviction for theft by receiving, and affirmed his remaining convictions. *See People v. Walton*, No. 91CA1265 (Colo. Ct. App. Feb. 10, 1994) (not

published). On August 15, 1994, certiorari review was denied.

On August 26, 1997, Mr. Walton filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, in which he alleged that trial counsel, who had represented him on a pro-bono basis, had conflicting interests because he had to pay the costs of the case himself. Mr. Walton argued that, as a result, trial counsel had been ineffective because he had not hired an investigator, interviewed crucial witnesses, or copied the necessary discovery.

At an evidentiary hearing, the trial court heard testimony and found that while Mr. Walton's trial counsel had performed below the standard expected of competent criminal defense attorneys, Mr. Walton was not entitled to relief because he had failed to demonstrate a reasonable probability that, but for counsel's shortcomings, the outcome of the trial would have been different.

Defendant appealed, and a division of the Colorado Court of Appeals affirmed the trial court's decision. **See People v. Walton**, No. 99CA1613 (Colo. Ct. App. Dec. 13, 2001) (not published). On appeal, Mr. Walton argued not only ineffective assistance, but also that trial counsel had a conflict of interest because he had to pay the costs of the case himself and was not being paid for his representation or reimbursed for his expenses. The division concluded that his Colo. R. Crim. P. 35(c) motion was based upon allegation of substandard representation, rather than on any claimed conflict of interest. The division, therefore, considered this evidence only as it related to Mr. Walton's allegations of substandard performance by counsel. On April 28, 2003, the Colorado Supreme Court affirmed that decision en banc by operation of

law. *See Walton v. People*, 68 P.3d 472 (Colo. 2003).

On December 10, 2003, Mr. Walton then filed another postconviction motion pursuant to Colo. R. Crim. P. 35(c), in which he asserted that his conviction should be reversed because trial counsel had a conflict of interest. The trial court denied the motion as successive. On January 13, 2005, the Colorado Court of Appeals affirmed, and remanded to the trial court to amend the mittimus to reflect that Mr. Walton's conviction for theft by receiving was vacated. On August 1, 2005, certiorari review was denied.

In the instant action, Mr. Walton raises two claims, i.e., that trial counsel was ineffective assistance and that trial counsel had a conflict of interest. Mr. Walton's claims appears to be time-barred.

Pursuant to 28 U.S.C. § 2244(d) (Supp. 2005) , a one-year limitation period applies to the instant action. Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Walton's conviction and sentence became final prior to April 24, 1996, the date the one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law. Therefore, in the absence of any reason to toll the limitations period, Mr. Walton should have initiated this action prior to April 24, 1997, one year after the statute's effective date. **See United States v. Simmonds**, 111 F.3d 737, 746 (10th Cir. 1997). The instant action was submitted to the Court on March 8, 2006, well beyond the one-year limitation period.

Applicant filed his first postconviction Colo. R. Crim. P. 35(c) motion on August 26, 1997, four months after the one-year limitations period expired. Therefore, the motion did not toll the one-year limitations period, and the action appears to be time-barred. Applicant will be ordered to show cause why the application should not be denied as time-barred. In his response, Mr. Walton should provide any information that might be relevant to the one-year limitation period, including information relevant to the

possibility of equitable tolling.  Accordingly, it is

ORDERED that Mr. Walton show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied as barred by the one-year limitation period.  It is

FURTHER ORDERED that if Mr. Walton fails to show cause to the Court's satisfaction within the time allowed, the habeas corpus application will be denied and the action will be dismissed without further notice.

DATED May 17, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00475-BNB

Brian Dean Walton
Prisoner No. 50933
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/17/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk